IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DENNIS W. HELFRICH, :
:
    Petitioner :
: CIVIL NO. 4:10-CV-0751
:
v. : (Judge McClure)
:
WARDEN BRIAN COLEMAN, *et al.*, :
:
    Respondents :

## **MEMORANDUM**

September 9, 2010

## I.    INTRODUCTION

Petitioner Dennis W. Helfrich ("Petitioner" or "Helfrich"), an inmate presently confined at the State Correctional Institution at Fayette ("SCI Fayette") in LaBelle, Pennsylvania, commenced this *pro se* action by filing a petition for writ of habeas corpus ("petition") pursuant to the provisions of 28 U.S.C. § 2254. (Rec. Doc. No. 1.) The petition originally was filed in the United States District Court for the Eastern District of Pennsylvania on March 3, 2010. By Order dated April 6, 2010, the petition was transferred to this Court in light of the fact that Helfrich is challenging his 2007 conviction in the Schuylkill County Court of Common Pleas, which is located in the Middle District of Pennsylvania. (*See* Rec. Doc. No. 2.) For the reasons set forth

below, the petition will be dismissed as untimely.

## II. BACKGROUND

### A. Factual Background

On May 30, 2007, Helfrich entered a negotiated guilty plea in the Schuylkill County Court of Common Pleas to one (1) count of delivery of a controlled substance, one (1) count of possession with intent to deliver a controlled substance, and one (1) count of recklessly endangering another person. (Doc. 13, Response, ¶ 1; *Commonwealth v. Helfrich*, Docket No. CP-54-CR-0001839-2006, at 8.[1]) On the same date, Helfrich was sentenced to three (3) to eight (8) years confinement in a state correctional facility. (*Commonwealth v. Helfrich*, Docket No. CP-54-CR-0001839-2006, at 3, 8.)

Helfrich did not file a direct appeal from his judgment of sentence. (*Id.*; Doc. 13 ¶ 3.) On March 26, 2008, he filed a motion for post-conviction collateral relief, which was construed as a petition for relief under Pennsylvania's Post Conviction Relief Act, 42 Pa. Cons. Stat. § 9541, *et seq.* ("PCRA Petition"). (*Commonwealth v. Helfrich*, Docket No. CP-54-CR-0001839-2006, at 9.) On December 11, 2008, the PCRA court entered an Order granting in part and denying in part Helfrich's request

---

[1]*See* Pennsylvania Common Pleas Courts Docket Sheets, available at http://ujsportal.pacourts.us/DocketSheets/CP.aspx.

for PCRA relief.  (*Id.* at 12; Doc. 13 ¶ 4.)  Specifically, the PCRA court reduced Helfrich's sentence to three (3) to seven (7) years confinement in a state correctional facility. (Doc. 13 ¶ 4.)

On January 9, 2009, Helfrich filed a notice of appeal to the Pennsylvania Superior Court from the PCRA court's December 11, 2008 Order.  (*Id.* ¶ 5; *Commonwealth v. Helfrich*, 81 MDA 2009.[2])  On July 28, 2009, the Superior Court dismissed Helfrich's appeal for failure to file a brief.  (Doc. 13 ¶ 6; *Commonwealth v. Helfrich*, 81 MDA 2009.)  On September 16, 2009, Helfrich filed a *pro se* "application for relief," which was denied on November 12, 2009.  (*Commonwealth v. Helfrich*, 81 MDA 2009.)  A search of the Pennsylvania Supreme Court Docket Sheets reveals that Helfrich did not file an appeal from the Superior Court's dismissal with that Court.[3]

### B. Procedural Background

The instant petition was transferred from the United States District Court for the Eastern District of Pennsylvania and opened in this Court on April 8, 2010.  On April 15, 2010, Helfrich filed a motion requesting leave to file a supplemental memorandum to provide procedural history regarding the decision of the PCRA court and the subsequent appeal to the Pennsylvania Superior Court.  (Rec. Doc. No. 6.)  By Order

---

[2]*See* Pennsylvania Appellate Courts Docket Sheets, available at http://ujsportal.pacourts.us/docketsheets/appellate.aspx.

[3]*See* Pennsylvania Appellate Courts Docket Sheets, *supra*, note 2.

dated April 19, 2010, Helfrich's motion was granted, and he was directed to file any supplemental memorandum he wished to file within forty-five (45) days. (Rec. Doc. No. 7.) Also, in accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), and *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), we issued a formal notice to Helfrich that he either could have his petition ruled on as filed, or withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (*Id.*) We directed Helfrich to file his notice of election indicating his choice within forty-five (45) days. (*Id.*)

Helfrich filed his supplemental memorandum on April 29, 2010. (Rec. Doc. No. 8.) On June 4, 2010, one (1) day after his notice of election was due to be filed, he mailed a letter to the Clerk of Court requesting information as to whether he was entitled to the appointment of counsel from the Federal Public Defender's Office or under the Criminal Justice Act. (Rec. Doc. No. 9.) The letter was docketed as a motion to appoint counsel. (*Id.*) By Order dated June 10, 2010, Helfrich's request for counsel was analyzed under the factors set forth in *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993), *cert. denied*, 510 U.S. 1196 (1994). (Rec. Doc. No. 10.) We determined that the factors weighed against the appointment of counsel, and denied the motion without prejudice. (*Id.*) We also directed Helfrich to file his notice of

election on or before June 24, 2010. (*Id.*) Helfrich filed his notice of election on June 18, 2010. (Rec. Doc. No. 11.)

Because it appeared that the petition may be barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1), by Order dated July 22, 2010, we directed Respondents to file a response within twenty-one (21) days solely addressing whether the petition is timely. (Rec. Doc. No. 12.) Petitioner also was granted the opportunity to file a reply brief within fourteen (14) days of Respondents' submission. (*Id.* (citing *United States v. Bendolph*, 409 F.3d 155, 169 (3d Cir. 2005).)

On August 12, 2010, Respondents filed a response in which they contend that the instant petition should be dismissed because it was filed beyond the one (1) year limitation period set forth in 28 U.S.C. § 2244(d)(1)(A).[4] (Rec. Doc. No. 13.) Although the deadline to file a reply brief has expired, Helfrich neither has filed his reply brief nor requested an extension of time in which to do so. Accordingly, the issue of the timeliness of the petition is ripe for disposition.

## III. DISCUSSION

The AEDPA, Pub. L. No. 104-132, 110 Stat. 1214 (1996), amended the federal

---

[4]Respondents are correct that the instant petition is untimely. However, as illustrated herein, their calculation of the limitations period under § 2244 fails to take into account that the time period was tolled during the pendency of Helfrich's properly filed PCRA petition. *See* 28 U.S.C. § 2244(d)(2).

5

habeas statute by imposing a statute of limitations on prisoners requesting habeas corpus relief pursuant to 28 U.S.C. § 2254. Specifically, Section 2244(d) of Title 28 of the United States Code provides:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review . . .
>
>  (d) (2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*See generally*, *Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999).

### A. Statutory Tolling

As set forth above, the time for filing a federal habeas petition begins to run when the judgment of sentence becomes final. However, this time period is suspended during the pendency of properly filed state post-conviction proceedings. A "properly filed application" for post-conviction relief under § 2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing. *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998). In Pennsylvania, any PCRA petition, including a second or subsequent petition, must be filed within one (1) year from the date a judgment of sentence becomes final. 42 Pa. Cons. Stat. § 9545(b). A judgment

6

becomes final either upon the conclusion of direct review or upon the expiration of the time for seeking direct review. 42 Pa. Cons. Stat. § 9545(b)(3). Moreover, in order to receive the benefit of tolling of the federal statute of limitation, a PCRA petition must be filed before the federal limitations period runs out. Otherwise, there is nothing left to be tolled. *See Tinker v. Moore,* 255 F.3d 1331, 1333 (11th Cir. 2001) (finding that a properly filed post-conviction petition must be pending prior to the expiration of the federal limitations period in order to toll that period).

In the instant case, the one-year § 2244 limitations period began to run when Helfrich's May 30, 2007 judgment of sentence became final, which occurred upon the expiration of the thirty (30) day period to file a direct appeal from his judgment of sentence to the Pennsylvania Superior Court. *See* Pa. R. Crim. P. 720A(2)(c). Therefore, the statute of limitations began to run on June 29, 2007, and continued to run for 271 days until it was tolled upon Helfrich's filing of a PCRA petition on March 26, 2008. Because his PCRA petition was filed within one (1) year of the date on which his judgment became final, it was timely under 42 Pa. Cons. Stat. § 9545(b), and thus was a properly filed PCRA petition. *See Lovasz,* 134 F.3d at 148.

Helfrich's PCRA proceedings concluded on July 28, 2009 when the Pennsylvania Superior Court dismissed his appeal for failure to file a brief. He then had thirty (30) days, or until August 27, 2009 to file a notice of appeal from that dismissal to the

Pennsylvania Supreme Court. As noted in the procedural background section of this Memorandum, Helfrich did not appeal to the Pennsylvania Supreme Court. Therefore, the § 2244 limitations period began running again on August 27, 2009.[5] As of that date, Helfrich had ninety-six (96) days remaining, or until December 1, 2009, to file a federal habeas petition. Therefore, the instant petition, filed in the Eastern District of Pennsylvania on March 3, 2010[6], which was ninety-two (92) days after the expiration of the limitations period, clearly is untimely.

### B. Equitable Tolling

The "one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if the petitioner can establish an equitable basis for tolling the limitations period." *Jones,* 195 F.3d at 159 (citing *Miller v. New Jersey State Department of Corrections,* 145 F.3d 616 (3d Cir.1998)). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some

---

[5]The filing of Helfrich's "application for relief" with the Pennsylvania Superior Court on September 16, 2009 would not have resulted in the continued suspension of the limitations period because it was filed after the expiration of the deadline to file an appeal with the Pennsylvania Supreme Court.

[6]We adopt the conclusion of the United States District Court for the Eastern District of Pennsylvania's in its April 6, 2010 Memorandum that, because Helfrich did not date the instant petition, the date of its filing, March 3, 2010, is the official filing date. (*See* Rec. Doc. No. 2 at 2 n.2.)

extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The Third Circuit Court of Appeals instructs that equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." *LaCava v. Kyler*, 398 F.3d 271, 275-76 (3d Cir. 2005) (citations omitted).

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, *see Jones*, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, *see Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005). However, even where extraordinary circumstances exist, "[if] the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

In discussing the application of equitable tolling, the Third Circuit Court of

9

Appeals has invoked the Supreme Court's finding that the principles of equitable tolling "will not toll a statute because of 'what is at best a garden variety claim of excusable neglect' on the part of the [petitioner]." *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998) (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). The *Midgely* Court added that, "[a]bsent a showing of intentional inducement or trickery by the defendant, a statute of limitations should be tolled only in the 'rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice.'" *Id.* (quoting *Alvarez-Machain v. United States,* 96 F.3d 1246, 1251 (9th Cir. 1996) (citations omitted).

Applying these principles here, we begin by observing that Helfrich does not address the issue of the timeliness of his petition anywhere in the petition itself or in the supporting memorandum. (Rec. Doc. No. 1.) He also did not take the opportunity he was granted to file a reply brief responding to Respondents' argument that his petition is untimely. His supplemental memorandum does not contain argument of any kind, but rather consists of documents relating to his appeal to the Pennsylvania Superior Court from the PCRA court's December 11, 2008 Order. (*See* Rec. Doc. No. 8.) Among these documents are a letter Helfrich wrote to his PCRA counsel dated March 8, 2009 in which he asked him to withdraw his appearance, and a copy of his counsel's praecipe to withdraw his appearance with the Pennsylvania Superior Court dated March 12, 2009.

(*Id.* at 5-6.) The supplement also contains a letter to Helfrich from the Pennsylvania Superior Court Prothonotary dated March 26, 2009 in which Helfrich was informed that, as reflected by the enclosed docket sheet, his PCRA counsel still was his attorney of record in those proceedings. (*Id.* at 9-11.) Therefore, it appears that, for some unknown reason, the March 12, 2009 praecipe to withdraw that was sent by Helfrich's PCRA counsel to the Pennsylvania Superior Court was not docketed.

The supplement also contains a copy of the Pennsylvania Superior Court docket sheet showing that Helfrich's brief was due on April 22, 2009, and that on July 28, 2009, his appeal was dismissed for failure to file a brief. (*Id.* at 7, 15.) In addition, among the documents is a copy of the Pennsylvania Superior Court's Order denying Helfrich's *pro se* "application for relief," filed on September 16, 2009, almost two (2) months after his appeal was dismissed. (*Id.* at 18.) The Court construed the application as a motion for reconsideration, and in denying it, cited 42 Pa. Cons. Stat. § 5505, which provides that a court may modify or rescind its order, but only within thirty (30) days of its entry. (*Id.*)

To the extent that Helfrich has submitted the documents from his appeal to the Pennsylvania Superior Court to support an argument for equitable tolling, his argument fails. Helfrich received notice of the fact that his PCRA counsel still was counsel of record through the Pennsylvania Superior Court's March 26, 2009 letter. (*See* rec. Doc. No. 8 at 9.) At most, his subsequent failure to contact his PCRA counsel to ask him to

re-file the praecipe such that he could have proceeded with the appeal on his own and avoided its dismissal constitutes excusable neglect and does not form the basis for equitable tolling. Any alleged error by Helfrich's PCRA counsel in ensuring that his praecipe to withdraw was docketed also cannot result in equitable tolling in light of the fact that, even where counsel makes an error in pursuing an appeal on behalf of a client, such an error has not been found to be the basis for equitable tolling. *See Brown v. Shannon*, 322 F.3d 768, 773-74 (3d Cir. 2003) (citing *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) (counsel's negligence in giving unsound advice regarding appeal insufficient basis for equitable tolling). Moreover, Helfrich's lack of understanding or knowledge of the law also are inappropriate bases for equitable tolling. *See Jones v. Morton*, 195 F.3d 153, 160 (3d Cir. 1999) (finding that equitable tolling is not applicable to a time-barred petition due to a petitioner's misunderstanding of the AEDPA requirements); *School Dist. of Allentown v. Marshall*, 657 F.2d 16, 21 (3d Cir. 1981) ("[i]gnorance of the law is not enough to invoke equitable tolling"). Consequently, Helfrich has failed to present any extraordinary circumstances warranting equitable tolling.

## IV. CONCLUSION

Because Helfrich has not established entitlement to either statutory or equitable tolling, and his petition for federal habeas relief was filed after the expiration of the

12

§ 2244(d) limitations period, this matter clearly is time-barred and cannot be considered by this Court. An appropriate Order will enter.

                                                s/ James F. McClure, Jr.
                                                JAMES F. McCLURE, JR.
                                                United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DENNIS W. HELFRICH,                 :
                                                :

Petitioner :
: CIVIL NO. 4:10-CV-0751
:
v. : (Judge McClure)
:
WARDEN BRIAN COLEMAN, *et al.*, :
:
Respondents :

# **ORDER**

September    , 2010

In accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (Rec. Doc. No. 1) is **DISMISSED**.

2. The Clerk of Court is directed to **CLOSE** this case.

3. There is no basis for the issuance of a certificate of appealability. *See* 28 U.S.C. § 2253(c).

    s/ James F. McClure, Jr.
    JAMES F. McCLURE, JR.
    United States District Judge